**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:18-CR-03007-MDH** |
| | ) | |
| **DONALD R. TAYLOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant Donald R. Taylor's pro se motion for compassionate release. (Doc. 429). In 2018, Defendant pled guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 178). Defendant was sentenced in 2019 to 180 months imprisonment, followed by five years of supervised release. (Doc. 302). Defendant's projected release date is November 5, 2030. Defendant moves the Court for release based on complications from asthma, diabetes, hypertension, cataracts, and pancreas failure. (Doc. 429 at 8). Defendant also argues that extraordinary and compelling reasons for immediate release exist because, if sentenced today rather than 2019, new sentencing guidelines would have yielded a shorter sentence. (Doc. 429 at 8-9). Specifically, Defendant argues that the First Step Act limited which prior offenses permitted enhanced statutory penalties. (Doc. 429 at 8-9).

The Government opposes Defendant's Motion. The government states that Defendant has not alleged facts that show extraordinary and compelling reasons to warrant a reduction and that Defendant remains a danger to the community. (Doc. 432). The Government also argues any statutory changes contained within the First Step Act are irrelevant to Defendant's sentencing, as

Defendant's sentence was not statutorily enhanced by any prior convictions and Defendant received a sentence below the guideline range. (Doc. 432 at 7-8).

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion. The Court finds that Defendant has not established that his health condition is so extraordinary or compelling that he should be immediately released. Similarly, Defendant has not established that his sentence, which fell below the guidelines, would have been any different if Defendant were sentenced following passage of the First Step Act.

**IT IS SO ORDERED**.

DATED: April 12, 2023              _/s/ Douglas Harpool_____
                                   **DOUGLAS HARPOOL**
                                   **UNITED STATES DISTRICT JUDGE**

2